REVISED DATE: 09/2001

FORM TO BE USED BY A STATE PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983 OR BY A FEDERAL PRISONER IN FILING A BIVENS CLAIM.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3020-BR
(leave this space blank)

FILED
FEB 0 1 2011
DENNIS P. AVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Thomas Shane Matherly

(enter full names of each plaintiff(s))

v.

Tracy W. Johns

Deborah A. Gonzales

Candice Gregory

Harley Lappin
(enter full names of each defendant(s))

Inmate Number 34209-037

*************************************************************************

I. HAVE YOU BEGUN OTHER LAWSUITS IN FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION? YES ( ) NO (✓)

If your answer is YES, describe the former lawsuit in the space provided below:

_____
_____
_____

II. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT TO THE STATE INMATE GRIEVANCE PROCEDURE? YES ( ) NO (✓)

If your answer is YES:

1. What steps did you take? _____

2. What was the result? (Attach copies of grievances or other supporting documentation.)

_____

Page 1 of 5

REVISED DATE: 09/2001

## VERIFIED STATEMENT

I have been advised of the requirements regarding exhaustion of administrative remedies and now submit this verified statement.

(Please choose the box that applies to your action):

__✓__ There are no grievance procedures at the correctional facility at which I am being confined.

_____ This cause of action arose at _____, and I am now being housed at _____. Therefore, I do not believe I have administrative remedies relating to this complaint at this time.

_____ I have exhausted my administrative remedies relating to this complaint and have attached copies of grievances demonstrating completions.

III. **PARTIES:**
In Item "A" below, place your name in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any. NOTE: ALL PLAINTIFFS LISTED IN THE CAPTION ON THE FIRST PAGE SHOULD BE LISTED IN THIS SECTION.

A. Name of Plaintiff: Thomas Shane Matherly
Name of Present Confinement: FCI Butner I (Medium)
Address of Present Confinement: Po Box 1000 Butner, NC 27509-1000

In Item "B" below, place the full name of defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) through (F) for additional defendants. NOTE: ALL DEFENDANTS LISTED IN THE CAPTION ON THE FIRST PAGE SHOULD BE LISTED IN THIS SECTION.

B. Defendant: Tracy W. Johns
Position: Warden
Employed at: FCI Butner Medium I, Federal Bureau of Prisons
Address: Po Box 1000 Butner, NC 27509-1000
Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

C. Defendant: Deborah A. Gonzales
Position: Associate Warden
Employed at: FCI Butner Medium I, Federal Bureau of Prisons
Address: Po Box 1000 Butner, NC 27509-1000
Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

D. Defendant _Candice Gregory_
Position _Inmate Systems Manager_
Employed at _FCI Butner Medium I, Federal Bureau of Prisons_
Address _PO Box 1000 Butner NC 27509-1000_
Capacity in which being sued: Individual ( ) Official (✓) Both ( )

E. Defendant _Harley Lappin_
Position _Director_
Employed at _Federal Bureau of Prisons_
Address _320 First St NW Washington, DC 20534_
Capacity in which being sued: Individual ( ) Official (✓) Both ( )

F. Defendant _____
Position _____
Employed at _____
Address _____
Capacity in which being sued: Individual ( ) Official ( ) Both ( )

IV. STATEMENT OF CLAIM

State here as briefly as possible the **FACTS** of your case. Describe how **each** defendant is involved. Include also the names of the other persons involved, dates and places. **DO NOT GIVE ANY LEGAL CITATIONS OR ANY LEGAL ARGUMENTS OR CITE ANY STATUTES.** If you wish to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

_Please See Attached_

Mr. Matherly's Conditions of Confinement Violate Due Process

1. Mr. Matherly completed his criminal sentence on November 22, 2006. Upon completed of his sentence he was detained by the BOP under 18 U.S.C. § 4248, Civil Commitment of a Sexually Dangerous Person. For close to 4.5 years now he has been held at FCI Butner in the "Maryland Unit". This housing unit holds all people detained under 4248.

   The conditions which Mr. Matherly is subjected to are the exact same conditions of confinement that Federal prisoners serving a criminal sentence are subjected to. In some cases the conditions they are subjected to are actually more restrictive and worse then the general population prisoners here at Butner are forced to endure. This fact has been brought to the attention of the Warden, Tracy Johns, as well ass the Associate Warden, Deborah Gonzales on many occasions. During a town hall meeting, Tracy Johns told all people house in the Maryland Unit and thus detained under § 4248 that as far as he is concerned "this is a prison and it will be run like one." He further went on to say that people detained under § 4248 are "inmates" as far as he is concerned and that is "no difference" between those housed at Butner under § 4248 and those here serving time. Deborah Gonzales is not much better. Ms. Gonzales has become the main point of contact for the prison administration when it comes to addressing Maryland Unit. On several occassions she has stated people detained under § 4248 are "no different" than the genreal population prisoners. She has further stated several times that unless the general prison population has a right to something those detained under § 4248 should not expect it. She has stated that "If I won't give it to general population, I certainly won't give it to Maryland" in response to a recent question about conitions of confinement at a town hall meeting in Mary land Unit. Additionally, Ms. Gonzales has had several people in Maryland Unit placed in Solitary Confinement when they attempted to explain to her that those houed under § 4248 indeed are different than the general population.

2. Mr. Matherly is not being held under any type of criminal law but under civil law. Because he is civilly detained he must be afforded more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish. However, that clearly is not happening here.

Mr. Matherly submits the following examples to support his case.

A. He is forced to wear the same uniform as prisoners in general population.

B. He remains in the custody, care, and control of the Federal Bureau of Prisons, not the Department of Health and Human services. They are supervised, disciplined, and controlled

not by mental health professionals but by Correctional officers
of the BOP. Correctional Staff Controls all aspects of Mr.
Matherly's life regardless of the fact that he is not a prison-
er. Furthermore, the correctional staff who oversees and controls
Mr. Matherly have no training in how to deal with mental health
patients in a civil detention setting. The BOP is a prison system.
Their staff are trianed to deal with prisoners not mental health
patients detained under civil law. Therefore, the fact that Mr.
Matherly is controlled and under the authority of correctional
staff makes their confinement punitive and thus punishment.

C. Mr. Matherly is in the physical presence of prisoners serving
crimnal sentences on a daily basis. 4248 detainees eat all meals
in the prison mess hall. There meals are served to them by
Federal Prisoners serving criminal sentences. Additionally,
there are always between 10-20 federal prisoners sitting or
working in the mess hall in addition to those serving the meal.
These prisones often taunt and harass Mr. Matherly and all other's
detained under §4248, calling them "Baby rapers" and "child
molestors". This threatening and harassing behavior by prisoners
serving criminal sentences against civil detainees could very
likely lead to a physical confrontation at some point. However,
BOP Food SErvice staff often laugh when this harassment occurs.

D. Addiitonaly, the Maryland Unit in addition to housing all those
detained under 4248 also holds a number of offices for BOP staff.
Including Case Managers, Counselors, Secretary's, and the head
of Psychology Services at FCI Butner. These staff members are
responsible for a number of areas with respect to general pop-
ulation prisoners at Butner. For this reason they are often
sought out by pirsoners. Because the staff offices are in
Maryland Unit this is where the prisoners must come to see
the staff, and they do. On a daily basis Federal prisoners come
into the Maryland unit to see staff. Therefore, they are in
direct physical contact with Mr. Matherly and the 80+ others
civilly detianed under § 4248. Why prisoners are permitted to
be in a housing unit for civilly detained people is a mystery
and a wonder to Mr. Matherly.

E. Additionally, Federal prisoners are in the Unit 3x daily to
bring the Food cart to the Special Housing Unit (SHU), which
has an entrance in Maryland Unit. Once again these prisoners
are in direct physical contact with Mr. Matherly and the other
detainees under § 4248. It is also worth noting that there is
another entrance to the SHU in a general population prisoner
unit. However, the BOP refuses to use that entrance, instead
placing prisoners in physical contact with civil detainees
daily.

F. Additionaly, when people detained under § 4248 need a haircut the person who comes to the unit is a federal prisoner. Therefore a federal prisoner cuts the hair of civil detainees, including Mr. Matherly.

3. Mr. Matherly is not afforded the same educational and vocational opportunities as general population prisoners. Prisoners serving crimanl sentences have several programs available to them. Blueprint reading, introduction to towing, keyboarding, electrical education, carpentry, Mineke Car Care Program, GED, and more. NONE of these programs and opportunities are offered to Mr. Matherly or the other men detained udner § 4248. Also, general population prisoners have the opportunity to participate in Narcotics and Alcholics Anonymous. Mr. Matherly and the other detainees do not.

4. Mr. Matherly is double bunked with another person who is detained under §4248.

5. Mr. Matherly is given less recreation time and freedom of movement than general population prisoners. General population prisoners have access to the recreation yard from 6:30-10:30am 5 days a week. Mr. Matherly is only permitted on the rec yard for less than 2 hours daily, usually between 10:30-12:00pm. Mr. Matherly only has the rec yard time in the evening one day a week (Tuesday). However, the evening yard time only extends to the outside yard and not the rec center which houses TV's, Pool tables, basketball court's, areobic exercise equipment and a band room, and a hobbycraft rooms. IN cold weather (like now) those who go out to the rec yard on Tuesday nights must remain out there for at least two hours without being able to go inside to warm up at all or use a restroom staff refuse to unlock the outside restroom. Also, general population prisoners are given the opportunity to walk around outside once an hour during the "10 minute move". Mr. Matherly is not allowed outside the Maryland unit except for the recreation time stated above and to go to the chow hall.

    A "makeshift" rec yard has been set up behind Maryland Unit. This is open only when an officer is available to supervise and then only when he feels like opening it. It is never open on Tuesday Furthermore, the only things on this "rec Yard" are some benches a horseshoe pit, and beach volleyball court. It has none of the recreational opportunities as the prison rec yard.

6. Mr. Matherly is not given equal access to the prison laundry. General Population prisones have access to the laundry 5 days a week. Mr. Matherly only has access to the laundry 1x a week This is a serious problem since there is currently only one washer available to the 80+ men in Maryland Unit.

7. Mr. Matherly remains subject to BOP policy and the BOP disciplinary system. The rules and policy statements along with theBOP's disciplinary system are designed tobe punitive in effect. They are designed to be applied to federal prisoners not civilly detained people like Mr. Matherly. There is absolutely no difference between the rules, policies, and disciplinary system applied to federal prisoners and Mr. Matherly.

   Of equal importance is that all disciplinary issues are handled not by mental health staff but by federal correctional officers. When a federal prisoner is disciplined it is done so by federal correctional officers. Federal correctional officers are given no training in how to deal with mental heal patients and civil detainees. This is not suprising considering that Tracy Johns and Deborah Gonzales have made clear that, as far as they're concerned, there is "no difference" between federal prisoners and those detained under civil law. Therfore, Mr. Matherly is disciplined as if they were federal prisoners, by prison guards, who have no training withmental health patients.

8. Federal prisoners are limited on what items they may buy in the prison commissary and what they may watch on T.V. Mr. Matherly is held to the <u>exact</u> same limitations. He may only shop at the prison commissary and may only buy whatever is available to federal prisoners. Additionaly, ther are limited to the exact same television viewing as federal prisoners (No rated "R" moviies, same viewing channels).

9. Federal prisoners in Medium security prisons must leave their mail open/unsealed so that correctional staff can read outgoing mail. Mr. Matherly remains subject to this requirement regardless of the fact that they are no longer federal prisoners. In an interesting note, federal prisoners in low security prisons and prison camps are not required to leave their outgoing mail open or unsealed.

10. Mr. Matherly submits these examples to show the court taken as a whole he is treated exactly like a federal prisoner and is therefore being held under conditions which amount to punishment. They are not being afforded more considerate treatment and conditions of confinement thean criminals whose conditions or confinement are designed to punish.

    The goernement cannnot have it both ways. If confienment of a sexually dangerous person is civil for the purposes of evaluation under the Ex Post Facto clause, that confinement is civil for the purpose of defining the rights to which the detainee is entitled while confined. Civil means civil, with all the rights that accompany it.

11. Placement in the Commitment and Treatment Program (CTP) is a Violation of Due Process.

A. After his sentence expired Mr. Matherly was forced to relocate back to the FCI Medium from the LSCI Butner. He was placed in a general population unit and then later on was transferred to the Maryland Unit where he currently resides. This is where all those detained under § 4248 are held. According to Tracy Johns and Deborah Gonzales, Maryland Unit is a mental health treatment unit for sex offenders. Additionaly, Tracy Johns and Deborah Gonzales have told Mr. Matherly that because he lives in Maryland Unit his is assigned to the "CTP". The CTP is a behavior modification program for sex offenders. A note about the program is that Mr. Matherly has not volunteered to participate in the CTP.

B. Mr. Matherly is not civilly commited. He has only been certified and has yet to receive any type of judicial review. In fact, Mr. Matherly has been waiting for a civil commitment hearing for over 50+ since the expiration of his sentence. Therefore, corcing Mr. Matherly to participate in the CTP when he has not volunteered or been court ordered to do so is a violation of his Due Process rights.

12. Mr. Matherly has the right to be free from harm.

A. As has already been stated, Mr. Matherly is around and in the physical presence of federal prisoners serving criminal sentences on a daily basis. He has been threatened and taunted on several occasions by these prisoners. He is in fear of his safety as it is only a matter of time until a federal prisoner assaults a civil detainee. Tracy Johns and Deborah Gonzales refuse to do anything about this.

B. Because Mr. Matherly is a civil detainee, he has a right to be free from harm. Because he is a civil detainee who is labeled "sexually dangerous" he is clearly in harms way by being forced to be in the physical presence of medium security federal prisoners. Some of which are serving very long sentences. As the court is likely aware in a prison setting a sex offender is the most despised type of inmate. Many are the victims of assaults at the hands of other prisoners in our nations prisons. By forcing Mr. Matherly to be in the physical presence of prisoners his right to freedom from harm is being violated. Additionally, as a civil detainee this man has a right to be kept away from violent felons serving a criminal sentence just as the general public does. The tension at FCI Butner between the prisoners and the civil detainees is high. The prisoners don't want the civil detainees here and the detainees do not want to be here. It is simply a matter of time before physical violence breaks out between the two groups, likely in the form of a prisoner serving a long sentence assaulta a civil detainee.

13. The BOP is refusing to allow Mr. Matherly to exercise his right to vote.

A.  Mr. Matherly's criminal setence is over. He is no longer a federal prisoner. Yet the BOP refuses to allow him his constitutional right to vote, just as they do federal prisoners serving a criminal sentence. While the BOP does have the authority to do this to their prisoners, this man is a civil detainee not a prisoner. Therefore, the BOP should have no authority to keep him from voting.

B.  Mr. Matherly is a covicted felon. Therefore, they may not be permitted to vote under the laws of teh state of North Carolina. However, it is the state of North Carolina who should decide the issue of whether Mr. Matherly has the right to vote not the BOP.

14. Mr. Matherly has a right to compensation for labor in accordance with minimum wage laws of the Federal Fair Labor Standards Act.

A.  Because Mr. Matherly is not a federal prisoner, he has a right to be compensated for work in accordance with the Federal Fair labor standards Act. Many of those detained under § 4248 including Mr. Matherly have jobs here at FCI Butner. However, Mr. Matherly like all other civil detainees is paid the exact same amount as a federal prisoner serving a criminal sentence. He makes .29¢ an hour as a "grade 2" pay level. Mr. Matherly and all other detained under § 4248 are subject to the BOP inmate performance Pay Policy Statement. Because he is a civil detainee he is entitle to minimum wage.

15. Mr. Matherly has a right to educational and vocational training under federal law.

A.  As has already been stated, Mr. Matherly is not provided with anywhere near the educational and vocational opportunities that Federal prisoners are. As a civil detainee, he has a right to these opportunities, if not a right to greater educational and vocational opportunities than federal prisoners. As it stands now he is provided with no such opportunities.

B.  As a note to emphasis this point, Mr. Matherly has paid out of pocket from prison wages to pay for his greater educational opportunities. He has paid his way through Bible College and through Paralegal College.

16. Mr. Matherly has the right to freedom from unalwful search and seize which has been violated on numerous occassions.

A.  Because he remains in a prison, there is security concerns and a need for searches by staff. He realizes this and does not challenge legitimate searches done for security purposes. However, the BOP is far beyond such.

B. BOP staff has started to conduct strip searches of those detained under § 4248 as punishment. These searches are conducted often when a § 4248 detainee complains about their living conditions or speaks out against staff. They are also conducted to intimidate and humiliate 4248 detainees. Mr. Matherly has been subjected to these types of searches after arguing or disagreeing with correctional staff that he isn't an "inmate". Other detainees under 4248 have been subjected to this as well. The refusal to submit to a strip search is placement in solitary confinement.

C. Also the BOP refuses to allow Mr. Matherly to seal his outgoing mail. Tracy Johns and Deborah Gonzales have informed him that no inmate in medium security institution gets to seal their outgoing mail. However, this is yet another example of the disconnect between Johns and Gozales and reality. Mr. Matherly is not an inmate in a medium security prison. He is a civil detainee and can even be considered a "patient" or "resident" at this point since the government claims that he is "sick" and is being held only to give him "treatment". Therefore, he has a right to seal his outgoing mail. The reading of outgoing mail of civil detainees by the BOP is an unlawful search. Mr. Matherly also makes a challenge to the opening and inspection of incoming mail. As the state counterparts get to open incoming mail in the presence of a mental health staff person. Those under § 4248 should be accorded the same right. As has already been stated, federal prisoners at low security prisons and camps are allowed to seal outgoing mail. The ability to seal outgoing mail is also consistent with Mr. Matherly's right to live in the least restrictive environment possible.

As a note, Mr. Matherly just recently found out from correctional staff that his outgoing mail is being monitored closely. He was not notified in writing as to why his mail is being read and monitored. As a civil detainee, his mail should not be monitored at all unless an order by the court is issued or the facility believes that criminal activity is taking place.

D. Mr. Matherly is also subject to random mass "shakedowns" or searches. These shakedowns are not conducted by correctional officers but by the psychological staff of the BOP. The purpose of these shakedowns has nothing to do with the security or safety but with evidence. The psychologist are looking for "evidence" in these shakedowns that can then be give to the U.S. Attorney's office to possibly be used against the detainees in their 4248 case. The "evidence" is usually things like copies of Maxim magazine, pictures of adult women in their underwear in sexual poses, and anything even remotely related to children including family photos. None of this

"evidence" is illegal and all of it came in through the Prison mail room land therefore, was allowed in by the BOP. Once the "evidence" is gathered a psychologist then writes a report detailing what was found and in what room. These reports usually claim that the inmate was found in possession of pictures of "teenagers" in sexually explicit poses or was in possession of "child pornography". Additionaly, they claim that the inmate was in possession of "inappropriate" "sexually explicit" magazines.

> These reports documenting what was found are often nothing but lies and fabrications. This can easily be proven. However, once the rport claiming that "child pornography" or sexually explicit pictures of "teenagers" is put into a detainees psych file it is all but certain that the doctors evaluating the detainee for mental illness will read it. Therefore, the damage has been done.

Of equal importance is that the people who conduct these shakedowns are often the same people who wrote the psych report that led to many of the detainees being certified as "Sexually dangerous". These doctors who conduct these shakedowns write the Pre-Certification reports. Therefore, these doctors have a vested interest in finding "evidence" to support their diagnosis in the detainees Pre-Certification report. Put another way, the Fox is guarding the hen house.

These shakedowns are harassment + fishing expeditions. They are in no way related to the safety or security of the prison and are therefore a 4th Amendment Violation. There is no penological interest in these shakedowns.

Also the BOP has removed all Pre-Sentence Reports from the copies of discovery sent to other 4248 detainees. The reason for this is because "inmates can't have their PSI's according to Policy". The PSR is an important part of the discovery as that is the basis for certification of Mr. Motherly and the other 4248 detainees. Also the review of a PSR allows the detainee to help his attorney with strategy. The removal of the PSR from legal mail is an illegal seizure. The removal of the PSR's has been ordered by Candice Gregory who runs Butners "Inmate System Management" department, which includes the mail room.

"evidence" is illegal and all of it came in through the Prison mail room land therefore, was allowed in by the BOP. Once the "evidence" is gathered a psychologist then writes a report detailing what was found and in what room. These reports usually claim that the inmate was found in possession of pictures of "teenagers" in sexually explicit poses or was in possession of "child pornography". Additionaly, they claim that the inmate was in possession of "inappropriate" "sexually explicit" magazines.

> These reports documenting what was found are often nothing but lies and fabrications. This can easily be proven. However, once the rport claiming that "child pornography" or sexually explicit pictures of "teenagers" is put into a detainees psych file it is all but certain that the doctors evaluating the detainee for mental illness will read it. Therefore, the damage has been done.

Of equal importance is that the people who conduct these shakedowns are often the same people who wrote the psych report that led to many of the detainees being certified as "Sexually dangerous". These doctors who conduct these shakedowns write the Pre-Certification reports. Therefore, these doctors have a vested interest in finding "evidence" to support their diagnosis in the detainees Pre-Certification report. Put another way, the Fox is guarding the hen house.

These shakedowns are harassment + fishing expeditions. They are in no way related to the safety or security of the prison and are therefore a 4th Amendment Violation. There is no penological interest in these shakedowns.

Also the BOP has removed all Pre-Sentence Reports from the copies of discovery sent to other 4248 detainees. The reason for this is because "inmates can't have their PSI's according to Policy". The PSR is an important part of the discovery as that is the basis for certification of Mr. Motherly and the other 4248 detainees. Also the review of a PSR allows the detainee to help his attorney with strategy. The removal of the PSR from legal mail is an illegal seizure. The removal of the PSR's has been ordered by Candice Gregory who runs Butners "Inmate System Management" department, which includes the mail room.

As a note in passing, Mr. Matherly recently found out that he is now on a monitored mail list and that all outgoing and incoming mail is being read. He was never formally notified in writing about such implementations on his mail. He found out about the status by accident from a correctional officer working the morning watch duty (12:00am-8:00am) in the Maryland Unit.

Conclusion:

Mr. Matherly is ready + willing to cite additional examples of his conditions of confinement to show that he is being treated exactly the same if not worse than prisoners. Also, the Court show know that several BOP Correctional Staff have offered to testify to support the claims in this petition.

The legislative intent of this law (4248) makes it clear that it was intended to be "substantially similar to the Kansas law upheld in Kansas v. Hendricks and Kansas v. Crane." In Hendricks the detainee was housed in a housing Unit inside a prison but was in the Custody of the Dep't of Health + Human Services. His conditions of confinement were the same as a patient in a mental hospital." He was also completely separated from prisoners and the Dep't of Corrections had no authority over him.

Tracy Johns + Deborah Gonzales are directly responsible for all claims in this petition. The violation of Mr. Matherly's rights would not be possible without approval from Johns and Gonzales. All decisions regarding the rights and living conditions of 4248 detainees come directly from Johns + Gonzales.

V. **RELIEF SOUGHT BY PRISONER**

State briefly exactly what you want the Court to do for you. **MAKE NO LEGAL ARGUMENTS. DO NOT CITE CASES OR STATUTES.**

① I ask to be removed from the custody, care, control, + authority of the BOP + placed into the custody, care, control, + authority of the Dept. of Health + Human Services / US Public Health Admin.

② We ask the court to order the department of Health +

Human Services/US Public Health Administration to ~~have~~ operate independently of the BOP with respect to conditions of confinement, rules and regulations. (see attached next page)

Signed this 26 day of January, 2011.

_____
Signature of Plaintiff

_____
Signature of other Plaintiffs
(if necessary)

I declare under penalty of perjury that the foregoing is true and correct.

1/26/11
Date

_____
Signature of Plaintiff

_____
Signature of other Plaintiffs
(if necessary)

(continued from last page of form)
and anything else having to do with those detained and committed under 18 USC 4248. In other words, the department of Health + Human Services / US Public Health Service will not need BOP approval to improve conditions of confinement as they see fit.

③ I ask the court to order myself removed from the Commitment + Treatment Program (CTP) unless and until I: 1) Voluntarily Consent to Participate prior to being civilly committed or,
2) Voluntarily Consent to Participate after being civilly committed.

④ I ask the court to order the BOP to keep me completely separated from Federal Prisoners serving criminal sentences.

⑤ I ask the court to order the BOP to allow me to vote in accordance with State + Federal law.

⑥ I ask the court to order the BOP to provide Compensation for labor in accordance w/ Minimum Wage laws under the Federal Fair Labor Standards Act.

⑦ I ask the court to order the BOP to provide educational + vocational training that is equal to or exceeds that which is provided to Federal Prisoners.

⑧ I ask the Court to order the BOP to allow myself to seal my outgoing mail, to receive my incoming mail sealed, to stop ALL strip searches of those detained + committed under 4248 except when the detainee is leaving or entering the prison facility, or there is reason to believe the detainee is concealing a weapon on his person. I further ask the court to order the BOP to stop all "mass shakedowns" by BOP Psychology Staff as these are "evidence" gathering fishing trips that have nothing to do with the security of the Prison.

9) I ask the court to order the BOP to stop siezing the Pre-Sentence reports of detainee, as those documents are evidence in the civil case that the detainee must review carefully to assist in his defense.

10) I ask the court to order the BOP to stop placing those detained + committed under 4248 in solitary confinement (S.H.U.) unless the detainee is a threat to himself or others.

11) I ask the court to order ALL staff who work or will work in the "Maryland Unit" be trained in how to deal with Mental Health patients detained under civil law and that they be instructed that 4248 detainees are not Prisoners.

12) I ask the court to order that all disciplinary matters with respect to 4248 detainees be conducted by Mental Health professionals in the employ of the Dept of Health and Human Services/U.S. Public Health Administration not BOP Correctional Officers.

13) I ask the court to direct the Dept of Health + Human Services/US Public Health Admin to write rules and regulations that are completely independent of BOP policy, and conform to established law with respect on how to treat mental health patients who are civilly detained. These would be the rules and regulations that govern 4248 detainees.

14) I ask the court to appoint a "Special Master" to coordinate these changes and report to the Court on Progress and any lack thereof, as well as to advise the court.

15) I ask the court to grant me any other relief that I may be entitled to as the court sees fit to grant.