UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
FEB 2 4 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

Civil Action No. 5:11-CT-3020-BR

Thomas Shane Matherly )
    Plaintiff )
  )
v. ) DECLARATION OF
  ) THOMAS SHANE MATHERLY
Tracy W. Johns, et. al. )
    Defendants )

I, Thomas Shane Matherly, hereby declares:

1. I am the plaintiff in the above mentioned case and that I am fully competent to make this declaration under penalty of perjury.

2. I am residing against my will at FCI-1 (Medium) Butner, NC 27509, a prison operated by the Federal Bureau of Prisons (BOP). The director of the BOP is Harley Lappin, the Warden at FCI-1 is Tracy W. Johns, the Associate Warden at FCI-1 is Deborah A. Gonzales, and the Inmate Systems Manager is Candice Gregory.

3. I was scheduled for release on November 22, 2006 but was certified under 18 U.S.C. § 4248(a) on the same day as my release. Because of that I was transported from the LSCI to the FCI and housed with general population inmates from November 22, 2006 - March 5, 2008. On March 5 the prison decided to separate all Adam Walsh detainees in a separate unit away from all other sentenced inmates.

4. The separation is not a complete separation from the general population in that we still do have limited contact with sentenced inmates.

5. I have been told numerous times that because we are civil detainees we have to be separated from the other inmates who are serving a sentence. Yet, at the same time the staff will say that the BOP policies apply to me even though I am not serving a criminal sentence.

6. I have brought the issues to the staff directly and they have told me that we are in prison and therefore the policies will be applied to me. I have also been told that the Administrative Remedy process does not apply to me because I am not a prisoner.

7. The staff here at Butner have been treating me worse than a sentenced inmates. Any shakedowns conducted in the living unit are done out of hateful and spiteful retaliation against the civil detainees rather than for the safety and security of the institution.

8. On February 16, 2011, I was informed that my mail was being monitored and when I inquired into why I was never given an explanation. I believe that since I am not serving a criminal sentence my mail should not being monitored nor the delivery of it interefered with as it is being done now.

9. I believe that by applying ALL BOP policies to me is in direct violation of the Universal Declaration of Human Rights, Standard Minimum Rules for the Treatment of Prisoners, 42 U.S.C. § 9501 Bill of Rights, 42 U.S.C. § 10481 Restatement of Bill of Rights for Mental Health Patients, and 42 CFR §§ 482-483.

10. I also believe that the BOP is in clear violation of Supreme Court precedent in <u>Youngberg v. Romeo</u> and in <u>Bell v. Wolfish</u> and in <u>Revere v. Massachesetts General Hospital</u>.

11. I would ask this Honorable Court to grant the order for a Preliminary Injuction and Temporary Restraining Order until a hearing can conducted and the defendants answer the complaint.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_Thomas Shane Matherly_          Date: 2/22/11
Thomas Shane Matherly
34209-037
FCI Butner I (Medium)
PO Box 1000
Butner, NC 27509-1000