IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3020-BR

| | | |
|---|---|---|
| THOMAS SHANE MATHERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY W. JOHNS, | ) | |
| DEBORAH A. GONZALES, | ) | |
| CANDICE GREGORY, | ) | |
| and HARLEY LAPPIN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to dismiss or, in the alternative, motion for summary judgment filed by defendants Tracy W. Johns, Deborah A. Gonzales, Candice Gregory, and Harley Lappin ("defendants") on 18 January 2012. (DE # 15.) Plaintiff Thomas Shane Matherly ("plaintiff") filed a response to the motion on 27 January 2012. (DE # 19.) Also before the court are plaintiff's motion to appoint counsel (DE # 6), his motion to amend the complaint (DE # 14), and his motion for a preliminary injunction (DE # 20). Defendants did not respond to any of plaintiff's motions. The motions are ripe for disposition.

## I. BACKGROUND

Plaintiff pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) and § 2252(b)(2). See United States v. Comstock, 627 F.3d 513, 517 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011). He received a sentence of forty-one months imprisonment, followed by a three-year term of supervised release. Id. On 22 November 2006, one day before plaintiff's projected release date, the United States certified him

as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), codified at 18 U.S.C. §§ 4247-4248. Id.; see also United States v. Matherly, No. 5:06-HC-2205-BR (E.D.N.C.), DE # 1. While plaintiff was awaiting a civil commitment hearing under the Adam Walsh Act, he initiated the current action on 1 February 2011. In this lawsuit, he seeks to challenge various conditions of his confinement pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Following his commitment hearing in March 2012, plaintiff was civilly committed as a sexually dangerous person on 3 May 2012. See Matherly, No. 5:06-HC-2205-BR, DE # 133.

## II. DISCUSSION

A. Defendants' Motion to Dismiss

At the outset, the court notes that defendants have submitted matters outside the pleadings in bringing their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, defendants have submitted the declaration of Lynnell Cox, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina. (DE # 17.) Supporting administrative records are attached to the declaration. (DE # 17-1.) The court cannot consider these materials without converting the motion to dismiss into one for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "Whether to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion, and, therefore, whether to convert a motion under Rule 12(b)(6) to one under Rule 56, is within the discretion of the court." Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 729 n.2 (M.D.N.C.

2005) (citing Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004)). Here, the court declines to convert the motion to dismiss into a summary judgment motion and excludes from its consideration the declaration of Lynnell Cox and the attached records.

Defendants raise the affirmative defense that plaintiff has failed to exhaust his administrative remedies. See Jones v. Bock, 549 U.S. 199, 216 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005) ("[A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant."). They maintain that the Prison Litigation Reform Act ("PLRA") imposes specific filing requirements on prisoners seeking to file civil actions regarding prison conditions, including the mandatory requirement that such prisoners must exhaust available administrative remedies before filing an action in federal court. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Woodford v. Ngo, 548 U.S. 81, 84-85 (2006); Anderson, 407 F.3d at 677.[1]

Defendants' argument regarding the applicability of the PLRA is without merit. In this case, plaintiff would clearly have qualified as a "prisoner" under the PLRA while he was serving the sentence on his criminal conviction. However, plaintiff's detention under the Adam Walsh Act began in November 2006. His detention and subsequent commitment pursuant to that act

---

[1] The Federal Bureau of Prisons has established a three-step administrative process for handling complaints regarding aspects of prison confinement. See 28 C.F.R. §§ 542.10-542.19. Exhaustion occurs only if all three steps are completed. Woodford, 548 U.S. at 90-91.

are not part of the punishment for a criminal conviction but rather a civil[2] confinement for non-punitive purposes.  Therefore, when plaintiff filed this lawsuit in 2011, he was not a "prisoner" within the meaning of the PLRA, and he was not subject to the PLRA's mandatory exhaustion requirements.  See Hicks v. James, 255 F. App'x 744, 747-48 (4th Cir. 2007) (per curiam) (unpublished) (collecting cases) (a person detained pursuant to 18 U.S.C. § 4246, which allows for civil commitment of individuals who have been found to present a danger to society due to mental defect or disease, did not meet the PLRA's definition of "prisoner" and was not required to exhaust administrative remedies); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (a person detained under South Carolina's Sexually Violent Predator Act "does not meet the PLRA's definition of 'prisoner'").

Although defendants "recognize that the mandatory requirements of the PLRA may not apply to civil detainees" (Defs.' Mem. Supp. Mot. Dismiss, DE # 16, at 2), they nevertheless argue that this court has discretion to require plaintiff to exhaust his administrative remedies prior to seeking judicial review.  (See id. at 3 (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992), for the proposition that "where Congress has not clearly required exhaustion, sound judicial discretion governs").)

> Unfortunately, defendants' argument is foreclosed by the Fourth Circuit's specific and repeated holding to the contrary.  See, e.g., Hicks, 255 Fed. App'x at 748; Michau, 434 F.3d at 727-28; see also Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir. 2009) ("Although many policies support the PLRA's exhaustion requirement with respect to the currently imprisoned, general policies – even if they could be applied to former prisoners – do not trump the plain language of the statute . . . .  Therefore, we join our sister circuits in holding that only those individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time

---

[2] There is no question that proceedings under the Adam Walsh Act are civil, not criminal, matters.  See United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012); United States v. Broncheau, 645 F.3d 676, 683 (4th Cir. 2011).

4

they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a).").

Francis v. Johns, No. 5:11-CT-3005-FL, 2012 WL 2131127, at *2 (E.D.N.C. June 8, 2012); see also Ballard v. Johns, No. 5:11-CT-3042-D, 2012 WL 2861589, at *3 (E.D.N.C. July 11, 2012). Thus, defendants' motion to dismiss will be denied.

B. Plaintiff's Motions

Plaintiff first asks to have counsel appointed to him. There is no constitutional right to counsel in civil cases. Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), a court in its discretion may request an attorney to represent an indigent litigant. However, a court cannot force an attorney to accept an appointment under the statute. Court intervention to procure representation is typically reserved for cases presenting "exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see also Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individual[] bringing it." Whisenant, 739 F.2d at 163 (citation and internal quotation marks omitted). Here, plaintiff has demonstrated ample ability to articulate his claims effectively and has also demonstrated adequate capability to represent himself up to this point in the proceedings. Accordingly, plaintiff's motion will be denied without prejudice.

Plaintiff also seeks to amend his complaint to supplement his allegations and include a request for punitive damages. The motion is unopposed. Federal Rule of Civil Procedure 15(a)(2) instructs that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, there is no evidence of undue delay or bad faith, and

5

granting leave to amend does not prejudice defendants. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). As a result, plaintiff's motion to amend the complaint will be granted.

Finally, plaintiff has filed a motion for a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345-47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). Plaintiff has failed to demonstrate the likelihood of irreparable harm or any of the other requirements necessary to obtain a preliminary injunction. Therefore, plaintiff's motion will be denied.

## III. CONCLUSION

Based on the foregoing reasons, defendants' motion to dismiss is DENIED. Plaintiff's motion to amend the complaint is GRANTED. The complaint (DE # 1) is hereby deemed to include the allegations contained in paragraphs 2 and 3 of plaintiff's motion to amend the complaint (DE # 14). Plaintiff's motion to appoint counsel is DENIED WITHOUT PREJUDICE, and his motion for a preliminary injunction is DENIED.

This 19 July 2012.

W. Earl Britt
Senior U.S. District Judge

6

Case 5:11-ct-03020-BR   Document 21   Filed 07/19/12   Page 6 of 6