IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3020-BR

| THOMAS SHANE MATHERLY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY W. JOHNS, | ) | |
| DEBORAH A. GONZALES, | ) | |
| CANDICE GREGORY, | ) | |
| and HARLEY LAPPIN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to stay discovery filed by defendants Tracy W. Johns, Deborah A. Gonzales, Candice Gregory, and Harley Lappin ("defendants"). (DE # 29.) Also before the court are plaintiff's motion to substitute party (DE # 23), his motion to appoint counsel (DE # 24), his motion to appoint a deposition officer (DE # 26), and his motion for leave to file an amended complaint (DE # 27). Defendants filed a consolidated response to plaintiff's motions on 31 August 2012. (DE # 28.) Plaintiff filed a response to defendants' motion to stay and a reply to his motion to appoint counsel on 12 September 2012. (DE # 31.) The motions are ripe for disposition.

**I. BACKGROUND**

Plaintiff pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) and § 2252(b)(2). See United States v. Comstock, 627 F.3d 513, 517 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011). He received a sentence of forty-one months imprisonment, followed by a three-year term of supervised release. Id. On 22

November 2006, one day before plaintiff's projected release date, the United States certified him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), codified at 18 U.S.C. §§ 4247-4248. Id.; see also United States v. Matherly, No. 5:06-HC-2205-BR (E.D.N.C.), DE # 1.

While plaintiff was awaiting a civil commitment hearing under the Adam Walsh Act, he initiated the current action on 1 February 2011.[1] In this lawsuit, he seeks to challenge various conditions of his confinement pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He alleges, *inter alia*, that: (1) he is subjected to "the exact same conditions of confinement that Federal prisoners serving a criminal sentence are subjected to" (Compl., DE # 1, at 4, ¶ 1); (2) he is forced to wear the same uniform as prisoners in general population; (3) Federal Bureau of Prisons ("BOP") correctional staff control all aspects of his life; (4) he is frequently in the physical presence of other prisoners serving criminal sentences; (5) he is served meals by federal prisoners and is required to eat his meals near other federal prisoners; (6) other prisoners often taunt and harass him; (7) his hair is cut by federal prisoners; (8) he is not afforded the same educational and vocational opportunities as general population prisoners; (9) he is "double bunked" (id. at 6, ¶ 4) with another person who is detained under the Adam Walsh Act; (10) he is given less recreation time and freedom of movement than general population prisoners; (11) he is not given equal access to the prison laundry; (12) he remains subject to the BOP disciplinary system and BOP correctional staff are not trained to deal with civil detainees; (13) he is limited regarding what he can purchase at the

---

[1] Following his commitment hearing in March 2012, plaintiff was civilly committed as a sexually dangerous person on 3 May 2012. See Matherly, No. 5:06-HC-2205-BR, DE # 133.

prison commissary and watch on television; and (14) he must leave his mail unopened and unsealed.

## II. DISCUSSION

A.  Plaintiff's Motions

On 7 August 2012, plaintiff filed a motion entitled "Suggestion to Substitute Named Defendant" (DE # 23) seeking to substitute J.F. Andrews as a defendant in his official capacity as the Warden of the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner"), in place of former FCI-Butner Warden Tracy W. Johns.  Plaintiff also seeks to substitute the current Director of the Federal Bureau of Prisons ("BOP"), Charles Samuels, for former BOP Director Harley Lappin.  Because defendants do not object to this request (see Defs.' Consol. Resp., DE # 28, at 1), and because Federal Rule of Civil Procedure 25(d) provides for the automatic substitution of a successor in office as a party without a showing of need, plaintiff's motion will be granted.

On 24 August 2012, plaintiff filed a "Motion for Leave to File Amended Complaint" (DE # 27), seeking to add two more defendants, Kenneth R. McKoy and Karen Steinour, to this action.  The motion is unopposed (see Defs.' Consol. Resp., DE # 28, at 3), and it was filed prior to the expiration of the deadline established in the scheduling order for the joining of additional parties (DE # 22).  Federal Rule of Civil Procedure 15(a)(2) instructs that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In this case, there is no evidence of undue delay or bad faith, and granting leave to amend does not prejudice the current defendants.  See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).  As a result, plaintiff's motion for leave to file an

3

amended complaint to add parties will be granted.

Next, plaintiff asks to have counsel appointed to him. (DE # 24.) As the court previously stated with respect to plaintiff's first motion for the appointment of an attorney, it is well established that plaintiffs in civil cases do not have a constitutional right to counsel. (See 7/19/12 Order, DE # 21, at 5.) However, under the in forma pauperis statute, 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent an indigent litigant. "The power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individual[] bringing it." Id. (citation and internal quotation marks omitted). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Id. (citation omitted).

Here, the court finds that plaintiff has raised a serious claim against defendants regarding the conditions of his confinement. The court has conducted many civil commitment hearings under the Adam Walsh Act over the course of the past year and has heard various complaints from the detainees in those cases that are similar in nature to the allegations made by plaintiff. Furthermore, this case has survived the court's initial frivolity review and has also survived a motion to dismiss for failure to exhaust administrative remedies. (See 7/19/12 Order, DE # 21.) At this stage of the litigation, it would not be reasonable to expect plaintiff to continue with his pro se representation. Although plaintiff has handled his case capably up to this point, his 21

4

August 2012 motion for the appointment of a deposition officer (DE # 26) demonstrates the difficulty that he is experiencing and will continue to experience in conducting pretrial discovery. Because plaintiff is currently being detained at FCI-Butner, he lacks the ability to engage in the factual investigation required for his case without the assistance of an attorney.

Although the court finds that appointment of counsel for plaintiff is now warranted, the in forma pauperis statute merely authorizes a court to "request" that an attorney represent a plaintiff. 28 U.S.C. § 1915(e)(1). A court cannot force an attorney to accept an appointment under the statute. See Mallard, 490 U.S. at 310. Furthermore, the court has no authority to commit financial resources to appointed counsel in a case such as this one. See, e.g., Mitchell v. Keane, 175 F.3d 1008 (Table), No. 98-2368, 1999 WL 159896, at *1 (2d Cir. Mar. 17, 1999); Baker v. Cnty. of Missaukee, No. 1:09-cv-1059, 2011 WL 4477154, at *1 (W.D. Mich. Sept. 26, 2011); Feliciano v. DuBois, 846 F. Supp. 1033, 1040 (D. Mass. 1994). As a result, plaintiff's motion for the appointment for counsel will be granted on the condition that suitable counsel may be identified and is available and willing to accept the appointment without remuneration. The Clerk of Court maintains a list of pro se cases that are submitted to the court's pro bono panel for possible representation by volunteer counsel, and plaintiff's case will be put on the list. The addition of the case to this list does not mean that plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for plaintiff only if an attorney volunteers to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently results in counsel not being obtained. In such circumstances, despite being added to the list for review by the pro bono panel, plaintiff would remain responsible for litigating his case himself.

5

As previously mentioned, on 21 August 2012, plaintiff also filed a motion for the appointment of a deposition officer. (DE # 26.) In light of the fact that plaintiff's case is being placed on the court's list for possible representation by a volunteer attorney, this motion will be denied without prejudice.

B.  Defendants' Motion to Stay

The court next turns to defendants' motion to stay discovery. (DE # 29.) Defendants have advised the court that by 31 October 2012, they intend to move to dismiss this action for failure to state a constitutional claim upon which relief may be granted. (Defs.' Mem. Supp. Mot. Stay, DE # 30, at 2.) Defendants allege that because their motion to dismiss "will be based on legal issues, factual discovery will be entirely irrelevant and not necessary for the court's resolution of the issues raised in the motion." (Id.) As a result, defendants request that the court "stay discovery until after the filing and ruling on the Defendants' dispositive motion." (Id. at 3.)

The court declines to grant defendants' request for a stay based on their yet-to-be-filed motion to dismiss. However, because the court has found that appointment of counsel for plaintiff is now warranted, a temporary stay of discovery will be permitted for 30 days in order to allow sufficient time for a search for volunteer counsel. If a volunteer attorney agrees to represent plaintiff, counsel for defendants shall confer with opposing counsel regarding the case management schedule. Following such conference, either party may propose changes to the current scheduling order. However, the parties should be prepared to proceed with this action at the end of the 30-day stay if a volunteer attorney is not found to represent plaintiff.

### III. CONCLUSION

Based on the foregoing reasons, plaintiff's motion to substitute party (DE # 23) and his motion for leave to file an amended complaint to add parties (DE # 27) are GRANTED. Plaintiff's motion to appoint counsel (DE # 24) is GRANTED only to the extent that his case will be submitted to the court's pro bono panel, and his motion for the appointment of a deposition officer (DE # 26) is DENIED WITHOUT PREJUDICE. Defendants' motion to stay discovery (DE # 29) is GRANTED IN PART and DENIED IN PART. Discovery will be stayed in this action for a period of 30 days from the date of entry of this order.

The Clerk is DIRECTED to attempt to obtain volunteer counsel for plaintiff by submitting his case to the pro bono panel. If the Clerk is unable to secure counsel who is willing to represent plaintiff pro bono in this matter by 25 October 2012, the Clerk shall promptly notify plaintiff that counsel was not able to be appointed in this matter. The Clerk is also DIRECTED to substitute defendant J.F. Andrews for Tracy W. Johns; to substitute defendant Charles Samuels for Harley Lappin; and to add Kenneth R. McKoy and Karen Steinour as defendants. Furthermore, the Clerk is DIRECTED to issue summons for the newly-added defendants. The U.S. Marshal Service is DIRECTED to serve on Kenneth R. McKoy and Karen Steinour the summons along with a copy of the complaint (DE # 1) and a copy of this order.

This 25 September 2012.

_____
W. Earl Britt
Senior U.S. District Judge