IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CT-3020-BR

THOMAS SHANE MATHERLY,

    Plaintiff,

  v.

DEBORAH A. GONZALES, CANDICE GREGORY, KENNETH R. MCKOY, KAREN STEINOUR, CHARLES SAMUELS, and J.F. ANDREWS,

    Defendants.

ORDER

    This matter is before the court on defendants' motions to seal. (DE ## 113, 118.) Defendants assert that their "[m]emorandum [in support of their summary judgment motion] with exhibits contains information which should be under seal." (DE # 113, at 1.) They also contend that the court should seal plaintiff's memorandum in opposition to the summary judgment motion because it references the defendants' exhibits which allegedly "contain sensitive information." (DE # 118, at 1.) Plaintiff opposes defendants' attempt to seal for failure to comply with the Local Civil Rules of the Eastern District of North Carolina and the CM/ECF Policy Manual. (DE # 117, at 1.)

    Local Civil Rule 79.2(a) provides, "A party desiring to file a document under seal must first file a motion seeking leave in accordance with Section T of the CM/ECF Policy Manual," which, in part, states,

> The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

     (I) [sic] the exact document or item, or portions thereof, for which filing under seal is requested;
     (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
     (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
     (iv) the reasons why alternatives to sealing are inadequate; and
     (v) whether there is consent to the motion.

Defendants have cited no statute or rule that requires the court to seal the documents at issue, nor have they submitted a supporting memorandum in accordance with Section T of the CM/ECF Policy Manual. Instead, defendants nakedly assert that the filings "contain[] information which should be under seal." (DE # 113, at 1.) The court finds this insufficient to support sealing the proposed memoranda and exhibits.

     Based on the foregoing, defendants' motions to seal, (DE ## 113, 118), are DENIED. In accordance with Local Civil Rule 79.2(b)(3), if defendants wish the court to consider their memorandum in support of their summary judgment motion, they shall publicly file the document within three days. Plaintiff shall publicly file his memorandum in opposition to the summary judgment motion within three days of defendants' public refiling.

     This 19 March 2015.

                                        _____
                                        W. Earl Britt
                                        Senior U.S. District Judge